# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00775-MSK-CBS

GRANT HEILMAN and
VARNETTE P. HONEYWOOD,
individually, and on behalf of all other persons similarly situated,

    Plaintiffs,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY,
a Massachusetts corporation,

    Defendant.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information as permitted by Rule 26(c) of the Federal Rules of Civil Procedure as it relates to discovery in this case, IT IS HEREBY ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, documents offered for inspection, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. A lawyer or any person under direct control of a lawyer acting on behalf of a party or any third party subject to discovery in this action may, after review, and on a good faith basis, designate documents, things, or testimony as "CONFIDENTIAL" if that material is one or more of the following:

(a) "Trade Secrets," which means information, including a formula, pattern, compilation, program, device, method, technique, or process, that (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy, or

(b) "Research" and "Development," which means non-public documents containing information, including scientifically accumulated data, regarding Defendants' strategy to improve or increase market share or that disclose a Defendant's strategies and methods of selling or marketing its products or services, or

(c) "Commercial Information," which means non-public information Defendants have taken reasonable steps to keep confidential and that would create an unfair advantage to competitors by providing them with previously unknown information as to the Defendants' business operations.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, and potential witnesses as disclosed in the parties' Rule 26(a)(3)(A) disclosures;

(h) other persons by written agreement of the parties;

(i) any mediator retained by the parties to mediate this case; and

(j) members of the jury.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions (a sample Affidavit is attached as Exhibit A). All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." All documents produced in this case will also bear a Bates-stamp identifying the document as an item produced in this case (e.g., DEF/HEILMAN 001, or PL/HEILMAN 002).

7. Making documents and things available for inspection shall not, by itself, constitute a waiver by the producing party of any claim of confidentiality or any other right. If a party photocopies or otherwise reproduces documents available for inspection, or copies or otherwise reproduces the contents or information contained within documents available for inspection, then that party will provide the copied documents or information to the producing party. The producing party will then designate CONFIDENTIAL documents or information, and remove any documents or information protected by attorney-client privilege or work product immunity.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within ten (10) days after receipt of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. If the parties cannot resolve the objection within seven (7) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file a timely motion within 10 days of the conclusion of the seven day negotiation period requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. The disputed documents or information will be treated as CONFIDENTIAL until the motion is decided.

10. Delivery of documents and things to a receiving party without the CONFIDENTIAL designation shall constitute a waiver of any claim of confidentiality, except where such delivery resulted from

inadvertence or mistake on the part of the producing party and such inadvertence or mistaken delivery is thereafter promptly brought to the attention of the receiving party after discovery by the producing party. The receiving party must treat such documents and things with the noticed level of protection from the date such notice is received. Disclosure prior to the receipt of such notice of such information to persons not authorized to receive such information shall not be deemed a violation of this Protective Order. Upon such notice and in return for copies of said documents containing the appropriate confidentiality designation, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as confidential to the level designated by the producing party.

11. In the event that a producing party inadvertently produces a document that otherwise is not discoverable for reasons of attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity, and all copies of such inadvertently produced documents shall promptly be returned by the requesting party to the producing party on demand.

12. The parties understand and agree that allowing inspection of documents may be advisable in order to make the discovery process more efficient. The inclusion of confidential information, or information that otherwise is not discoverable for reasons of attorney-client privilege or work product immunity, within materials offered for inspection will not operate as a waiver of any such protection, nor will it be treated as an inadvertent production under paragraphs 10 or 11. Any such documents or information will be returned or designated CONFIDENTIAL after the producing party reviews and identifies any such documents or information in accordance with paragraph 7.

13. If any party desires that documents containing CONFIDENTIAL information be filed with the Court, that party shall file a motion requesting that the documents be filed under seal in accordance with Local Rules 7.2 and 7.3.

14. Within sixty (60) days after final termination of this action, including appeal, or within thirty (30) days after the time for appeals has expired, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy the documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

DATED at Denver, Colorado, this 31st day of March, 2009.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

APPROVED:

/s/ Jeffrey A. Springer
Jeffrey A. Springer
Springer & Steinberg, P.C.
1600 Broadway, Suite 1200
Denver, CO 80202
Telephone: (303) 861-2800
Fax: (303) 832-7116
Email: jspringer@springer-and-steinberg.com

and

Christopher Seidman

Harmon & Seidman LLC
101 South Third Street
#265
Grand Junction, CO 81501
Telephone: 970-245-9075
Fax: 970-245-8086
Email: chrisseidman@qwest.net

**ATTORNEYS FOR PLAINTIFFS**

/s/ Edward M. Crane
Edward M. Crane
Skadden, Arps, Slate, Meagher
  & Flom LLP
333 West Wacker Drive, Suite 2100
Chicago, Illinois 60606
Telephone: 312-407-0700
Facsimile: 312-407-0411
Email: edward.crane@skadden.com

and

Tucker K. Trautman
Dorsey & Whitney LLP
370 Seventeenth Street, Suite 4700
Denver, Co 80202-5647
Telephone: 303-629-3400
Fax: 303-629-3450
Email: trautman.tucker@dorsey.com

and

Charles S. Sims
Proskauer Rose LLP
1585 Broadway
New York, NY 10036
Telephone: 212-969-3000
Fax: 212-969-2900
Email: csims@proskauer.com

**ATTORNEYS FOR DEFENDANT**

EXHIBIT A

DECLARATION

By my signature, I hereby acknowledge that I have read the Protective Order entered in Heilman v. Houghton Mifflin Harcourt Publishing Company, No. 08-cv-00775-MSK-CBS (D. Colo.), that I understand the Protective Order, and that I hereby agree to be bound by the terms of the Protective Order and to submit to the jurisdiction of the United States District Court for the District of Colorado to enforce the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.


Date:_____     _____
                                               (Signature)