IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 08-cv-00775-MSK-CBS

GRANT HEILMAN and
VARNETTE P. HONEYWOOD,
individually, and on behalf of all other persons similarly situated,

        Plaintiffs,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY, a Massachusetts corporation,

        Defendant.

## ORDER GRANTING MOTION TO DISMISS

THIS MATTER comes before the Court on (1) Defendant Houghton Mifflin Harcourt Publishing Company's ("Houghton Mifflin") motion to dismiss for lack of subject matter jurisdiction **(#53),** to which the Plaintiffs responded **(#54)** and Houghton Mifflin replied **(#55)**; and (2) Houghton Mifflin's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) **(#71)**, to which the Plaintiffs responded **(#73)** and Houghton Mifflin replied **(#77)**.  Having considered the same, the Court

    **FINDS** and **CONCLUDES** that:

### I.  Issues Presented

This is a copyright infringement case brought by Grant Heilman, who alleges infringement of registered copyrights for several photographs, and Varnette P. Honeywood, who

alleges infringement of unregistered copyrights.[1] The motions to dismiss pertain solely to Ms. Honeywood's claims.

In the first motion, Houghton Mifflin argues that this Court lacks subject matter jurisdiction to consider Ms. Honeywood's claim because she has not registered her copyrights. In the second motion, Houghton Mifflin argues that the absence of a registered copyright deprives Ms. Honeywood of a cognizable federal claim. Both arguments are premised upon the statute governing civil copyright infringement actions that provides that "no action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). The issues presented, therefore, are (1) whether section 411(a) deprives this Court of subject matter jurisdiction over Ms. Honeywood's claims and (2) whether Ms. Honeywood has a cognizable federal claim.

## II. Jurisdiction

Subject matter jurisdiction is contested and is a topic of the instant motions. Therefore, the Court exercises its inherent authority to determine its jurisdiction. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002).

## III. Undisputed Material Facts

For purposes of the motions currently before the Court, the parties do not dispute that Ms. Honeywood has a copyright in three "images", or that she has not registered any of the three copyrights with the United States Copyright Office. In the Complaint, she contends that in 2000

---

[1] The Complaint is entitled a "Class Action Complaint", and it may be that Plaintiffs intend to seek to have several classes of plaintiffs designated under Fed.R.Civ.P. 23, but at the current time no request has been made.

she granted a license to Houghton Mifflin to reproduce the images in a limited number of publications, but that Houghton Mifflin exceeded the scope of the license by publishing more than the number authorized.

### IV.  Analysis

#### A.  Rule 12(b)(1) Motion to Dismiss

In its first motion to dismiss **(#53)**, Houghton Mifflin seeks dismissal of Ms. Honeywood's claims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) motions generally take one of two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). "The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas v. Lujan,* 351 F.3d 1001, 1013 (10th Cir. 2003).  Here, the jurisdictional challenge is a facial one and, therefore, all allegations in the complaint are accepted as true. *Holt*, 46 F.3d at 1002.  The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

Houghton Mifflin contends that pursuant to 17 U.S.C. § 411(a) a federal court does not have jurisdiction over a copyright infringement claim based on any copyright that has not been duly registered with the United States Copyright Office.  Without denying that section 411(a) requires registration prior to suit, Ms. Honeywood responds that this Court nevertheless may exercise supplemental jurisdiction over her claims because it has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 over Mr. Heilman's claims.  The Court agrees with Houghton Mifflin.

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994) (citations omitted).  In order for a federal court to exercise subject matter jurisdiction for infringement of federal copyrights, 17 U.S.C § 411(a) requires that the claimant hold either a registered copyright or have preregistered for one.[2]  In the Tenth Circuit, registration is recognized as the "jurisdictional linchpin to copyright infringement actions" and until registration is sought, federal courts lack subject matter jurisdiction.  *La Resolana Architects, PA v. Clay Realtors Angel Fire*, 416 F.3d 1195, 1200 (10th Cir. 2005).  In this case, there is no dispute that Ms. Honeywood has neither registered nor preregistered her copyrights.  Thus, she states no federal claim over which this Court has original subject matter jurisdiction.

Ms. Honeywood argues, however, that the Court can exercise supplemental jurisdiction over her claims pursuant to 28 U.S.C. § 1367.  This section provides, in pertinent part, that a district court  "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the Untied States Constitution."   Ms. Honeywood argues that her claims for infringement of unregistered copyrights are the subject of supplemental jurisdiction because they are part of the same case or controversy as Mr. Heilman's claim for infringement of registered copyrights.[3]

---

[2] Section 411(a) provides that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title."

[3] Ms. Honeywood relies upon *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 559–60 (2009) for this proposition.  *Exxon* is factually and procedurally distinguishable.  In *Exxon*, the Supreme Court held that, in a diversity class action, supplemental jurisdiction was appropriate over all claims that formed the same case or controversy so long as one claim satisfied the amount-in-controversy

First, the Court observes that section 1367 authorizes the exercise of supplemental jurisdiction only if jurisdiction is not precluded by another federal statute. Arguably, 17 U.S.C. §411(a) operates in that capacity. Section 411(a) does exactly what section 1367(a) contemplates—it expressly precludes jurisdiction for claims of copyright infringement for unregistered copyrights. *See La Resolana*, 416 F.3d at 1201. Ms. Honeywood is correct that section 411(a) does not explicitly mention supplemental jurisdiction; however, its clearly expressed terms would be defeated if all that is required for federal court jurisdiction over an infringement claim involving an unregistered copyright is the assertion of a claim for infringement of a registered copyright in the same action.[4]

Even if section 411(a) does not preclude the exercise of supplemental jurisdiction over claims for infringement of unregistered copyrights, section 1367 is not satisfied in this case because Ms. Honeywood's claim and Mr. Heilman's claim are not part of the same case or controversy. Claims are part of the "same case or controversy" only if they "derive from a common nucleus of operative fact." *Estate of Harshman v. Jackson Hole Mt. Resort Corp.*, 379 F.3d 1161, 1165 (10th Cir. 2004) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Although Ms. Honeywood's claims for infringement of her unregistered copyrights and

---

requirement. *Exxon* did not address the situation where the Court has original jurisdiction over a claim by one party, but another party states no claim under federal law.

[4] Ms. Honeywood also argues that an anticipated ruling by the United States Supreme Court in *In re Literary Works*, 509 F.3d 116, 127–28 (2d Cir. 2007), *cert. granted sub. nom. Reed Elsevier, Inc. v. Muchnick*, 129 S.Ct. 1523, 1523 (2009), may resolve this issue. The Supreme Court granted certiorari on the issue: "Does 17 U.S.C. § 411(a) restrict the subject matter jurisdiction of the federal courts over copyright infringement actions?" The facts and procedural context in *Reed Elsevier* are different than those presented here. However, a decision in *Reed Elsevier* may alter the state of the law. At this time, the Court is constrained by Tenth Circuit precedent. In the event that *Reed Elsevier* alters the current Tenth Circuit precedent with respect to section 411(a), a properly filed motion for reconsideration would be entertained.

Mr. Heilman's claims of infringement for his registered copyrights bear some similarities, they do not derive from a "common nucleus of operative fact." Mr. Heilman's and Ms. Honeywood's claims concern different works, different licenses, and different acts of alleged infringement. Thus, apart from the lack of federal registration, Ms. Honeywood's claims are not sufficiently related to Mr. Heilman's claims so as to fall under the umbrella of supplemental jurisdiction.

### B. Rule 12(b)(6) Motion to Dismiss

In its second motion to dismiss **(#71)**, Houghton Mifflin seeks dismissal of Ms. Honeywood's claims pursuant to Fed. R. Civ. P. 12(b)(6), again due to the absence of federal registration of her copyrights. In determining its jurisdiction, based on the allegations in the Complaint, this Court finds that Ms. Honeywood has not stated any federal claim. As to any other claim that she may have, this Court lacks jurisdiction to determine its merits. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)). Accordingly, the second motion to dismiss must be denied, as moot.

**IT IS THEREFORE ORDERED** that:

(1) Defendant Houghton Mifflin Harcourt Publishing Company's motion to dismiss the claims of Ms. Honeywood for lack of subject matter jurisdiction **(# 53)** is **GRANTED**.

(2) The claims asserted by Varnette P. Honeywood are **DISMISSED WITHOUT PREJUDICE**.

(3) Defendant Houghton Mifflin Harcourt Publishing Company's motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6) **(#71)** is **DENIED AS MOOT**.

Dated this 25th day of August, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge