IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00775-MSK-CBS

GRANT HEILMAN,

    Plaintiff,

v.

HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY,
a Massachusetts corporation,

    Defendant.

## ELECTRONIC DISCOVERY PLAN

Comes now Plaintiff Grant Heilman ("Plaintiff" or "Heilman") and Defendant Houghton Mifflin Harcourt Publishing Company ("HMH"), through their respective undersigned counsel, to file the Parties' Joint Proposed Electronic Discovery Plan ("Plan"), as directed by the court during the February 17, 2010 Scheduling Conference.

### PERTINENT DOCUMENT REQUEST

The Plan sets forth parameters applicable to one specific request propounded in Plaintiff's First Set of Document Requests dated February 19, 2010. The request is:

> Document Request No. 7: All communications between your employees or agents specifically relating to the determination of print run quantities and areas of geographic distribution that were included in visual art license request letters for The Books.

Plaintiff seeks through this request to discover email communications pertinent to possible fraud and willfulness, as alleged in the Third Amended Complaint ("Complaint"), related to HMH's negotiation of the limited licenses granted by Plaintiff for use of his Images in The Books in suit. The results of this proposed narrowly focused electronic discovery search will significantly assist in the decision to seek leave

for amendment of the Complaint to add a fraud allegation and are pertinent to the calculation of damages under the Copyright Act, 17 U.S.C. 504(b).

## HARVEST PARAMETERS

The parties agree that the proposed Plan must set forth clearly defined search parameters that will enable HMH to harvest potentially responsive email communications while avoiding the production of numerous non-responsive communications. The Plan creates three general categories of search parameters: (a) Custodian Accounts (the email accounts that will be searched for emails from and to the account custodian); (b) Time Period (temporal limitation on the dates of the communications to be harvested) and (c) Search Terms.

### Harvest Parameters for Document Request No. 7:

A. <u>Custodian Accounts</u>:

• HMH employees responsible for requesting and securing the visual art licenses at issue in the Complaint for The Books in suit, and their immediate supervisor(s). These custodian accounts include, but are not limited to, the following named persons:

Margaret Anne Miles and Melody English.

B. <u>Time Period</u>:

<u>Beginning date</u>: 18 months prior to HMH sending the license request letters to Plaintiff for The Books in suit.

<u>Ending date</u>: 6 months after the date of each applicable invoice from Plaintiff to HMH.

C. <u>Search Terms</u>:

Each of the following searches will be run on each custodian email account for the Time Period applicable to the licensing invoice(s) connected to that custodian. For each custodian account, the "Book"

term(s) for the below searches will be the title of the individual Book(s) in suit for which the custodian either secured licenses (as identified in the Third Amended Complaint), or served as an immediate supervisor for those securing the licenses at issue.

Search No. 1:

- Title of each of The Books in suit (and any common variants or short forms) AND

    "permission": AND

    - "print run", OR

    - "copies", OR

    - "clearance", OR

    - "press run", OR

    - "100,000", OR

    - "40,000", OR

    - "250,000" OR

    - "10,000" OR

    - "copyright".

Search No. 2:

- Title of The Books in suit (and any common variants or short forms) AND:

    -"North America(n)", OR

    -"geographic", OR

    -"distribution", OR

    -"international", OR

    -"language"

Search No. 3:

• Title of The Books in suit (and any common variants or short forms) AND:

-"Powwow", OR

-"IRR", OR

-"Permissions Project Initiation Form", OR

-"Publishing Plan", OR

-"revenues", OR

-"sales"

Search No. 4:

• Title of The Books in suit (and any common variants or short forms) AND:

- "image" OR

- " cost", OR

- "visual art", OR

- "budget"

The parties have agreed that all responsive and non-privileged email communications will be produced in pdf form and in accordance with the terms of the Protective Order in this case. Metadata will not be provided.

Should the searches conducted in accordance with this protocol result in a large number of responsive documents, the parties agree to confer in good faith and discuss further search limitations. Should the parties fail to agree to mutually acceptable further limitations for the searches, Defendant reserves the right, subject to objections by Plaintiff, to seek appropriate relief from the Court.

DATED: February 26, 2010

        Plaintiff Grant Heilman
        by his attorney,

        s/ Craig F. Wallace
        Craig F. Wallace
        Harmon & Seidman LLC
        101 S. Third Street, Suite 265
        Grand Junction, CO 81501
        Telephone (970) 245-9075
        Fax (970) 245-8086
        E-mail: craig@harmonseidman.com

        Defendant Houghton Mifflin Harcourt Publishing
        Company by its attorney,

        s/David Pehlke
        David Pehlke
        Skadden, Arps, Slate, Meagher and Flom, LLP
        155 N. Wacker Drive, Suite 155
        Chicago, Illinois 60606-1720
        Telephone: (312) 407-0442
        E-mail: dpehlke@skadden.com

APPROVED at Denver, Colorado, this 1st day of March, 2010.

        BY THE COURT:


        *s/Craig B. Shaffer*
        Craig B. Shaffer
        United States Magistrate Judge